Dear Sheriff Zerangue:
You requested an Attorney General's opinion regarding the use of sales tax proceeds. You indicate that an election was held in St. Landry Parish in 2004 for a proposed sales tax on behalf of the St. Landry Parish Law Enforcement District ("District"). The tax was called pursuant to the provisions of La. R.S. 33:9003(c) and Article VI, Section 29 of the Louisiana Constitution. You advise that La. R.S. 33:9001 provides that the reason for the creation of law enforcement districts in each parish is for the purpose of providing financing to the office of sheriff of that parish. The tax, which passed, appeared as follows in the notice and on the ballot:
 ¾% SALES TAX PROPOSITION
 SUMMARY: ¾% SALES AND USE TAX FOR PAYING DEPUTY SALARIES AND LAW ENFORCEMENT OPERATIONS
 Shall the Law Enforcement District of the Parish of St. Landry, State of Louisiana (the "District"), be authorized to levy and collect a tax of three-fourths of one percent (3/4%) (the "Tax"), upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption, of tangible personal property and on sales of services in the District, with the proceeds of the Tax (after paying reasonable and necessary costs and expenses of collecting and administering the Tax) to be dedicated and used for the purpose of paying deputy salaries and law enforcement operations.
You indicate that, it is your understanding that the revenues from this sales tax can only be used for salaries and law enforcement operations of the St. Landry Parish Sheriffs Department. You question whether any part of the tax revenues can be given to local police departments in the parish. *Page 2 
Our office has consistently stated that the use of the proceeds of a sales tax adopted at an election in the State of Louisiana is dictated solely by the proposition approved by the voters. R.S. 33:2723; R.S. 33:2714; R.S. 39:704; Attorney General Opinion Nos. 05-0098, 02-365, 01-269, 98-421, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50. Thus, the proceeds of the tax may only be used to pay deputy salaries and for law enforcement operations of the District.
As to your authority to give any part of the tax revenues to local police departments, we note that La. Const. Art. VII, Sec.14 prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private." This constitutional provision has been interpreted by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal RiskAgency, 439 So. 2d 399 (La. 1983), which held that the Constitution is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of Port Allen, supra, the Court stated: ". . . even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
Paragraph (C) of Section 14 authorizes public entities to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private corporations or individuals. However, Paragraph (C) supplements the prohibition against donations in Section 14(A). It does not create an exemption or exception from the general constitutional prohibition. All such cooperative endeavors authorized by Section 14(C) must also meet the general standard for the non-gratuitous alienation of public funds or property established by Section 14(A). It would seem that you, as Sheriff, may legally enter into a cooperative endeavor agreement pursuant to Article VII, Section 14(C), so that the local police departments would perform certain law enforcement operations in exchange for payment of specific amounts to be paid from the proceeds of the sales tax. In accord is Attorney General Opinion No. 87-495.
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: __________________________ KENNETH L. ROCHE, III Assistant Attorney General
CCF, JR/KLR, III/jv